**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ruben Myran Johnson,<br><br>Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>Respondents. | No. CV-18-00889-PHX-MTL<br><br>**ORDER**<br><br>DEATH PENALTY CASE |

Before the Court is Petitioner Ruben Myran Johnson's Motion for Reconsideration. (Doc. 60.) Johnson, an Arizona death row inmate, filed a petition for writ of habeas corpus on December 17, 2018. (Doc. 18.) On January 18, 2019, he filed a motion for a stay and abeyance under *Rhines v. Weber*, 544 U.S. 269 (2005), so that he could return to state court to exhaust a number of claims. (Doc. 23.) The Court denied the motion. (Docs. 29, 32.) Now, three years later, Johnson asks the Court to reconsider that ruling and stay his habeas proceedings.

**DISCUSSION**

In *Rhines* the Supreme Court reiterated that a federal court may not "adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." 544 U.S. at 273 (citing *Rose v. Lundy*, 455 U.S. 509, 518–519 (1982)). The Court held, however, that "a federal district court has discretion to stay [a] mixed petition to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition."

*Id.* at 271–72. This discretion is to be exercised under "limited circumstances," *id.* at 277, because "routinely granting stays would undermine the AEDPA's goals of encouraging finality and streamlining federal habeas proceedings," *Blake v. Baker*, 745 F.3d 977, 981–82 (9th Cir. 2014); *see Rhines*, 544 U.S. at 277. A stay of a mixed petition is appropriate if (1) the petitioner had good cause for his failure to exhaust his claims in state court; (2) the petitioner's unexhausted claims are meritorious; and (3) there is no indication the petitioner engaged in "intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278.

In denying the first motion for a stay, the Court rejected Johnson's argument that the claims for which he sought a stay were unexhausted. The Court concluded, instead, that the claims were "technically exhausted" because they would be found procedurally defaulted under Arizona law. (Docs. 29, 32.) The Court rejected Johnson's argument that the claims fit within Arizona's exceptions to preclusion based on actual innocence, under Arizona Rule of Criminal Procedure 32.1(h); a significant change in the law, under Rule 32.1(g); or newly discovered material facts, Rule 32.1(e). (Doc. 29.) After additional briefing, the Court determined that Johnson's claims under *Lynch v. Arizona*, 578 U.S. 613 (2016),[1] Claim 14, and *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), Claim 26, were also technically exhausted and not subject to a *Rhines* stay because neither *Lynch* nor *McCoy* represented a significant change in the law under Rule 32.1(g). (Doc. 32.)

A district court may grant a motion to reconsider only in "highly unusual circumstances." *School Dist. No. 1J. Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented

---

[1] In *Lynch* the Supreme Court held that an Arizona capital defendant who committed murder after 1993 is entitled to a parole-ineligibility instruction if the State makes his future dangerousness an issue. 578 U.S. at 616; *see Simmons v. South Carolina*, 512 U.S. 154 (1994). The Arizona Supreme Court subsequently ruled that *Lynch* "was not a significant change in the law for purposes of permitting relief pursuant to Rule 32.1(g)." *State v. Cruz*, 251 Ariz. 203, 204, 487 P.3d 991, 992 (2021) *cert. granted* 142 S. Ct. 1412 (2022).

with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.*

Under the rules of this District, motions to reconsider are granted only if the movant makes a showing of "manifest error or new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv. 7.2(g). A motion for reconsideration must "point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court," and "any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier." *Id.* Motions for reconsideration must not "repeat any oral or written argument made by the movant in support of . . . the motion that resulted in the Order." *Id.*

Johnson seeks reconsideration based on what he characterizes as newly discovered evidence and an intervening change in the controlling law. (Doc. 60 at 3.) He indicates that he is pursuing a second round of post-conviction relief proceedings in state court in which his counsel intend to "raise new evidence" and "unexhausted claims." (*Id.* at 3, 8.) He also argues that the recent grant of certiorari by the United States Supreme Court in *Cruz v. Arizona*, No. 21-846, 2022 WL 892101 (U.S. March 28, 2022), "has implications for [his] case and could change controlling law." (Doc. 60 at 4.)

Johnson fails to meet the criteria necessary for reconsideration. First, he has not offered the Court any "newly discovered evidence." *ACandS, Inc.*, 5 F.3d at 1263. Rather, he alludes to unspecified new facts and new claims that, "upon information and belief," PCR counsel will present in state court. (Doc. 60 at 2, 7–8.) He offers no new arguments as to why these facts could not have been presented earlier. Finally, he does not show the Court committed "manifest error" in previously denying a stay. Johnson fails to satisfy Rule 7.2(g).

Johnson next argues that he is entitled to a stay pending the Supreme Court's decision in *Cruz v. Arizona*. In *Cruz* the Supreme Court will determine whether Rule 32.1(g) is an independent and adequate state-law grounds for judgment. *Cruz*, 142 S. Ct. 1412 (2022). Johnson contends that the outcome of that case could undermine this Court's

conclusion that he was precluded from exhausting Claim 14 in state court because *Lynch* was not a significant change in the law under Rule 32.1(g).

The Court acknowledges that whether there is an available state remedy for Johnson to exhaust a *Lynch* claim may turn on the outcome of the proceedings in *Cruz*. While Johnson suggests that he may raise a "*Cruz* claim" in state court, there is no evidence such a claim has been filed. Accordingly, the Court determines that, upon review of the pleadings in this case, if the outcome of Johnson's claim that his jury was improperly instructed under *Simmons* and *Lynch* turns on whether Rule 32.1(g) is an independent and adequate state law grounds for a judgment, and the Supreme Court in *Cruz* has not issued its decision, the Court will take appropriate action at that time.

Accordingly,

**IT IS ORDERED denying** Johnson's Motion for Reconsideration (Doc. 60).

**IT IS FURTHER ORDERED** that the parties shall notify the Court if a *Simmons/Lynch* claim is filed in state court, the outcome of the claim, and the outcome of *Cruz*. The parties may not supplement their arguments without first seeking authorization from the Court.

Dated this 28th day of April, 2022.

Michael T. Liburdi
United States District Judge