**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ruben Myran Johnson,<br><br>   Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>   Respondents. | No. CV-18-00889-PHX-MTL<br><br>**ORDER**<br><br>DEATH PENALTY CASE |

Petitioner Ruben Johnson is an Arizona death row inmate pursuing habeas relief in this Court. In Claim 14 of his habeas petition, Johnson alleges that his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendment were violated because "[a]n improper jury instruction likely caused the jury to vote for death to ensure Johnson was never released from custody." (Doc. 18 at 258.)

Johnson relies on *Simmons v. South Carolina*, 512 U.S. 154, 156 (1994), holding that "where the defendant's future dangerousness is at issue, and state law prohibits the defendant's release on parole, due process requires that the sentencing jury be informed that the defendant is parole ineligible." 512 U.S. at 156; *see Lynch v. Arizona*, 578 U.S. 613 (2016) (holding that *Simmons* applies to Arizona capital cases).

Johnson filed his habeas petition in this Court on December 17, 2018. (Doc. 18.) He acknowledged that he did not raise a *Simmons* claim in state court. (*Id.* at 258.) On January 19, 2019, Johnson filed a motion to stay his case and hold it in abeyance under *Rhines v. Weber*, 544 U.S. 269 (2005), while he returned to state court to exhaust his *Simmons* claim.

1  (Doc. 23.) After supplemental briefing, the Court denied Johnson's request for a stay, rejecting his argument that *Lynch* represented a "significant change in the law for purposes" of Rule 32.1(g) of the Arizona Rules of Criminal Procedure, which allows a petitioner to file a successive PCR petition when such a change has occurred. (Doc. 32.) Johnson filed a motion for reconsideration, citing the Supreme Court's grant of certiorari in *Cruz v. Arizona*, No. 21-846, 2022 WL 892101 (U.S. March 28, 2022). (Doc. 60 at 9–10.) The Court denied the motion but acknowledged that "whether there is an available state remedy for Johnson to exhaust a *Lynch* claim may turn on the outcome of the proceedings in *Cruz*." (Doc. 66 at 4.) The order, dated April 28, 2022, also directed the parties to "notify the Court if a *Simmons/Lynch* claim is filed in state court, the outcome of the claim, and the outcome of *Cruz*." (*Id.*)

The Supreme Court decided *Cruz* in February 2003. 598 U.S. 17 (2023). The Court held that *Lynch* represented a "significant change in the law" for the purposes of Arizona Rule of Criminal Procedure 32.1(g), which allows a petitioner to file a successive PCR petition when such a change has occurred. *Id.* at 27. The Court concluded that the "Arizona Supreme Court's application of Rule 32.1(g) to *Lynch* was so novel and unfounded that it does not constitute an adequate state procedural ground." 598 U.S. at 29.

Notwithstanding this Court's order of February 28, 2022, neither party addressed the *Cruz* decision, and Johnson neither notified the Court of any claim filed in state court pursuant to *Cruz* nor moved for relief in this Court. Because *Cruz* may call into question the procedural status of Claim 14, the Court has determined that additional briefing is required. If the claim is now unexhausted, Johnson's petition is mixed and the Court cannot consider it. *See Rose v. Lundy*, 455 U.S. 509, 518–19 (1982) (holding that federal courts may not adjudicate mixed habeas petitions); *see also Jefferson v. Budge*, 419 F.3d 1013, 1016–17 (9th Cir. 2005) (explaining that a petitioner who files a mixed petition must be offered leave to amend the petition to delete any unexhausted claims and to proceed on the exhausted claims).

. . . .

Accordingly,

**IT IS ORDERED** that Johnson file, no later than **October 4, 2024**, a supplemental brief addressing Claim 14 in the light of *Cruz v. Arizona*, 598 U.S. 17 (2023).

**IT IS FURTHER ORDERED** that Respondents file a response to Johnson's brief no later than **October 18, 2024**.

**IT IS FURTHER ORDERED** that Johnson may file a reply to the response brief no later than **October 25, 2024**.

Dated this 19th day of September, 2024.

Michael T. Liburdi
United States District Judge